UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-45-HAB |
| | ) | |
| ORLANDO PASCHALL | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant's letter (ECF No. 151) which the Court construes as a request to reconsider the Court's denial of his prior request for compassionate release (ECF No. 150). While Defendant has provided the Court with more medical information this time around, the request fails in one key area: demonstrating that he has exhausted administrative remedies. This failure is fatal to his quest for compassionate release.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 158 at 5–7), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant asserts that he "wrote the warden twice about the compassionate release and he didn't write back at all." (ECF No. 162 at 2). However, Defendant does not provide a copy of either alleged writing. Even if the Court were inclined to take Defendant's word for it, he has not provided the amount of time that has elapsed since the request. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement.

Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request. Therefore, his letter requesting reconsideration of his prior request for compassionate release (ECF No. 151) is DENIED.

SO ORDERED on February 25, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT